IRVING, J.,
for the Court:
¶ 1. After Sylvester Young Jr.’s probation was revoked, he was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections (MDOC). While serving that time, Young filed a motion requesting habeas corpus relief. The Lauderdale County Circuit Court reframed the motion as one for post-conviction relief and subsequently denied the motion. Young contends that the circuit court’s judgment is in error.
¶ 2. The circuit court correctly found no merit to Young’s complaint; therefore, we affirm the circuit court’s judgment.
FACTS
¶ 3. In 1997, Young pleaded guilty to the crime of armed robbery and was sentenced to twenty years’ confinement in the custody of the MDOC, with eight years to serve, twelve years suspended, and five years of reporting probation. On September 13, 2007, while on probation after serving the eight years, an agreed order of probation revocation was entered, sentencing Young to serve the twelve suspended years. On the same day, Young entered a guilty plea to a separate crime involving a gun possession and was sentenced to serve one year in the custody of the MDOC, with 364 days suspended and one day to serve.
¶ 4. On August 13, 2009, Young filed his motion for habeas corpus, alleging that his sentence was illegal. From the motion, it appears that Young mistakenly believed that he was confined only on the 2007 gun-possession charge. On November 10, 2009, the circuit court denied the motion, noting Young’s 2007 probation revocation and resulting twelve-year sentence. The circuit court observed that Young was unable to articulate “why his sentence is illegal or allege any factual basis in support of his assertion,” and found Young’s motion “absolutely meritless on its face.... ” The motion was “denied as being frivolous,” and Young was ordered to forfeit sixty days of earned time for filing the motion.
¶ 5. Additional facts, if necessary, will be related during our analysis and discussion of the issue.
*261 ANALYSIS AND DISCUSSION OF THE ISSUE
¶ 6. When a trial court has denied a petitioner’s motion for post-conviction relief, we “will not disturb the trial court’s factual findings unless they are found to be clearly erroneous. However, where questions of law are raised[,] the applicable standard of review is de novo.” Moore v. State, 986 So.2d 928, 932 (¶ 13) (Miss.2008) (quoting Callins v. State, 975 So.2d 219, 222 (¶ 8) (Miss.2008)).
¶ 7. Young presents the following allegation of error, which we state verbatim: “Whether Appellant’s earned probation ‘after’ serving eight (8) years in confinement, pursuant to Mississippi Code Annotated section 47-7-47, exempted the Circuit Court of Lauderdale County of any authority to alter or vacate its original judgment.”
¶ 8. Prior to 2001 and at the time of Young’s sentencing, section 47-7-47(2)(a) read: “Any circuit court or county court may ... acting upon the advice and consent of the commissioner at the time of the initial sentencing only ... suspend the further execution of the sentence and place the defendant on earned probation.... ” Young essentially contends, based on this statute, that the circuit court could not sentence him to serve the remainder of his sentence after he violated his probation.
¶ 9. Young misinterprets the restrictions of section 47-7-47. That section as it was written at the time of Young’s sentencing governed the jurisdiction of a circuit court to suspend a sentence after an initial sentencing hearing. There is no evidence in the record before us that any part of Young’s sentence was suspended at a time other than his initial sentencing hearing. Young’s assertion that the circuit court was without jurisdiction to reinstate the suspended portion of his sentence after he violated his probation is without merit. Mississippi Code Annotated section 47-7-37 (Supp.2009) states that, upon an alleged violation of probation, a circuit court “may continue or revoke all or any part of the probation or the suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.” In other words, circuit courts have the jurisdiction to revoke probation upon proof of a violation. In the present case, Young apparently agreed to an order finding that he had violated his probation.
¶ 10. We find no error in the circuit court’s denial of Young’s motion for post-conviction relief.
¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.